## COMMONWEALTH *vs.* SIMON GEARY.

Suffolk.    February 3, 1888. — February 28, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Complaint — Evidence — Club.*

On a complaint for an unlawful sale of intoxicating liquors, after evidence that the defendant was found behind a counter with his coat off, in possession of whiskey in a bottle with glasses, and that he then made the sale alleged, all of which is contradicted, the defendant may show that the whiskey belonged to a club, of which he was a member, and that it was for the use only of such members, who had no right, and were not permitted, to sell any.

A request for an instruction, at the trial of such complaint, that, if only a portion of the whiskey was paid for, but the entire contents of the bottle when passed were kept, the glasses being used merely to taste from, there was no complete sale, was rightly refused.

COMPLAINT to the Municipal Court of the city of Boston, for an unlawful sale of intoxicating liquors on August 14, 1887, to Daniel H. Drew. Trial in the Superior Court, on appeal, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

Drew and a brother officer testified that on August 14, 1887, they visited certain premises, and found the defendant behind a counter with his hat on and his coat off; that Drew called for whiskey and asked his companion what he would have, and he

replied, the same ; that the defendant passed them a bottle and
two glasses, and Drew passed him two ten-cent pieces; and
that they poured some of the contents of the bottle into the
glasses, tasted it, poured it back into the bottle, and took bottle
and contents away.   On cross-examination, they admitted that
they intended to obtain, and paid for, what is ordinarily con-
sidered in a bar-room as two drinks ; that there was much more
than that in the bottle ; that from the time the bottle was
passed to them the defendant did not regain possession of it or
any of its contents ; and that they poured some into the glasses,
not to drink it, but to taste it.

The defendant testified that he was a member of an associa-
tion that occupied the premises, and the liquor was owned by the
association ; that he had no control over it, and none of it was
for sale; that at the time in question he had on his hat and
coat ; that he had been in the premises about twenty minutes
with a friend whom he was talking with; that Drew and his
companion came in; that the bottle was on the counter, and
they took it, and paid no money ; and that he called to have
them bring it back, and, in going after them towards the door,
was arrested.   One Duffy, who was then present, testified sub-
stantially as the defendant did as to the transaction with Drew.
and his companion.

The defendant offered to show by several witnesses, who, with
him, were members of an association called the Albany Asso-
ciates, that the liquor on the premises was owned by the asso-
ciation, each member having contributed towards its purchase ;
that the defendant was simply a member, and had contributed
the same amount as other members for the purchase of the liquor,
as was their custom ; that it was there only for the use of mem-
bers ; that none of it was for sale, and no member had a right,
or was permitted, to sell any, all of which was excluded by the
judge.

The judge instructed the jury as follows: The question to be
determined is, whether the defendant did sell intoxicating liquors
to one Daniel H. Drew.   Did the officers go into the place and
find the defendant behind the bar with his coat off?   Did the
officers call for whiskey, and did the defendant put it on the
counter before them ?   Did they take some and pour it into two

glasses? If so, this would make a sale, if he received two ten-cent pieces in payment. Those other arrangements and questions we have nothing to do with. Did the defendant do this act, as testified to by the officers? If so, he is guilty.

The defendant requested the judge to rule, that if the officers paid for only a portion of the whiskey, and the bottle was passed them for that purpose, and they retained possession of the entire contents, and simply used the glasses to taste from, to determine what it was, and took all away, there was not a complete sale. The judge declined so to instruct, and the jury returned a verdict of guilty. The defendant alleged exceptions.

*H. F. Naphen*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

C. ALLEN, J. For the prosecution, evidence was introduced tending to establish certain criminatory facts, namely, that the defendant was behind the counter with his coat off, and in possession of whiskey in a bottle, with glasses; thus being apparently prepared for making sales. This evidence tended to confirm the direct testimony of the government witnesses, that a sale was made by him. The direct testimony of a sale being contradicted by two witnesses, it was obviously important for the defendant to show, if he could, that the circumstances which bore against him were consistent with his innocence. In this aspect, testimony was competent to show that the whiskey did not belong to him, but to a club of which he was a member; that the whiskey was there merely for the use of the members, and was not for sale; and that no member had a right, or was permitted, to sell any. No doubt all these things might be true, and yet the defendant be guilty; but their tendency was in favor of his innocence. The jury might properly find them sufficient to explain the suspicious circumstances against him, and thus to rebut the presumption of fact which might otherwise arise from them. *Commonwealth* v. *Cotton*, 138 Mass. 500. *Commonwealth* v. *Pomphret*, 137 Mass. 564.

The final instruction asked for was properly refused.

*Exceptions sustained.*